IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| The KnifeSource, LLC, a South Carolina limited liability company, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 6:07-677-HMH |
| vs. | ) ) ) | **OPINION & ORDER** |
| Wachovia Bank, N.A., a national banking association, | ) ) ) | |
| Defendant. | ) | |

This matter is before the court on The KnifeSource, LLC's, ("KnifeSource") motion to compel pursuant to Rules 34 and 37 of the Federal Rules of Civil Procedure. For the reasons set forth below, the court grants KnifeSource's motion to compel.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Laura Dorn ("Dorn") was an employee of KnifeSource between 2002 and 2007. (Compl. ¶ 5.) Dorn's duties included managing KnifeSource's accounts receivable and processing checks sent to KnifeSource by its customers. (Id. ¶ 6.) However, Dorn did not have the authority to deposit or negotiate checks made payable to KnifeSource. (Id. ¶ 7.) KnifeSource alleges that Dorn maintained one or more personal deposit accounts at Wachovia Bank, N.A.'s ("Wachovia") Simpsonville, South Carolina branch. (Id. ¶ 8.)

According to KnifeSource, Dorn stole checks made payable to it from 2003 to 2007. (Pl.'s Mot. Compel 1.) Dorn would allegedly alter the checks by changing the payee from KnifeSource to Dorn and then deposit the stolen checks into her account with Wachovia. (Id.)

1

As a result of these allegations, KnifeSource claims common law conversion and conversion under the Uniform Commercial Code against Wachovia. (Compl. ¶¶ 15-32.)

## II. DISCUSSION OF THE LAW

KnifeSource moves to compel Wachovia to produce the following documents:

1. All checks deposited, cashed or otherwise negotiated by Laura Dorn with [Wachovia] since August 19, 2002.

2. All check copies, correspondence, and other documents [Wachovia] has given to or exchanged with the Greenville County Sheriff's Office and/or the Greenville County Solicitor's Office concerning Laura Dorn.

3. All statements concerning any account Laura Dorn has had with [Wachovia] since August 19, 2002.

(Pl.'s Mot. Compel 1.) KnifeSource alleges that this information is necessary to determine "which checks Dorn took from KnifeSource and how much Wachovia converted." (Id. 2.) In addition, KnifeSource asserts that the information is relevant to Wachovia's defense that it acted in a commercially-reasonable manner in accepting the misappropriated checks for deposit. (Id. 3.) Finally, KnifeSource asserts that the bank statements will enable it to verify that Wachovia has produced all the documents described in the first request. (Id. 3.)

With regard to all three of KnifeSource's requests, Wachovia asserts that such information is protected from production by 15 U.S.C. § 6801(a) (West Supp. 2007). This provision of the Gramm-Leach-Bliley Act provides "that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information." Id. However, the Act includes an exception for disclosures made "to respond to judicial process or government regulatory authorities having jurisdiction over the financial institution for

2

examination, compliance, or other purposes as authorized by law." 15 U.S.C. § 6802(e)(8) (West Supp. 2007). Courts have previously held that this exception "permits a financial institution to disclose the non-public personal financial information of its customers to comply with a discovery request." Marks v. Global Mortgage Group, Inc., 218 F.R.D. 492, 496 (S.D. W. Va. 2003). Further, on August 7, 2007, the court granted the parties' joint motion for a confidentiality order, which will protect the confidentiality of the documents requested by KnifeSource. Therefore, to the extent Wachovia objects to the production of these documents on the basis of the Gramm-Leach-Bliley Act, this objection is without merit.

With regard to the second request, Wachovia asserts that it cannot identify the documents it produced to the Greenville County Sheriff's Office ("GCSO") because it did not keep a record of which documents it produced. (Def.'s Mem. Opp'n Mot. Compel 2.) In addition, Wachovia asserts that KnifeSource can more easily obtain these documents from the GCSO. (Id.) These objections are without merit.

First, KnifeSource asserts that the GCSO allowed it to review, but not copy, the checks Wachovia produced. (Pl.'s Reply Supp. Mot. Compel 2.) Therefore, it would be impossible for KnifeSource to obtain these documents from the GCSO. Further, it is not unduly burdensome for Wachovia to contact the GCSO in order to ascertain which documents it produced, and KnifeSource concedes that if this determination cannot be made, the request would presumably be satisfied by Wachovia's full compliance with the first and third requests. (Id. 3.) Therefore, to the extent possible, Wachovia is ordered to produce the documents described in KnifeSource's first and second requests.

Finally, with respect to KnifeSource's third request, Wachovia asserts that it does not maintain copies of statements sent to its customers, and that compliance with this request would impermissibly require it to create documents. (Def.'s Mem. Opp'n Mot. Compel 4.) However, Wachovia does not contend that it does not have this information, only that it does not maintain physical copies of the statements. Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure provides that "[a] party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." Wachovia has not demonstrated that any of the information in KnifeSource's third request is not reasonably accessible. Therefore, to the extent Wachovia maintains any of the information sought by the third request electronically, it must comply with KnifeSource's third request. Based on the foregoing, the court grants the Plaintiff's motion to compel.

It is therefore

**ORDERED** that the Plaintiff's motion to compel, docket number 15, is granted.

**IT IS SO ORDERED**.

                                          s/Henry M. Herlong, Jr.
                                          United States District Judge

Greenville, South Carolina
August 10, 2007